UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

-----------------------------------------X

IN RE: Request from Brazil Pursuant to the Treaty Between the Government of the United States of America and the Government of Brazil on Mutual Assistance in Criminal Matters in the Matter of Roberto Egreja

MISC 08 20 ML

Misc. No. ____

-----------------------------------------X

APPLICATION FOR ORDER PURSUANT TO THE TREATY
ON MUTUAL ASSISTANCE IN CRIMINAL MATTERS
AND TITLE 28, UNITED STATES CODE, SECTION 1782

The United States of America petitions this Court for an Order, pursuant to Article 5 of the Treaty Between the Government of the United States of America and the Government of Brazil on Mutual Assistance in Criminal Matters, 1997 WL 33140221 (Treaty) [entered into force October 14, 1997], 28 U.S.C. § 1782, and its own inherent authority, appointing Assistant U.S. Attorney Andrew J. Reich as Commissioner to collect evidence from witnesses and to take such other action as is required to execute the attached request from Brazil made pursuant to the Treaty.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

By: ______________________
Andrew J. Reich
Assistant United States Attorney

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

MISC 08 20

IN RE: Request from Brazil Pursuant to the Treaty Between the Government of the United States of America and the Government of Brazil on Mutual Assistance in Criminal Matters in the Matter of Roberto Egreja

Misc. No. ____

MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER

The United States is seeking an order appointing a commissioner to collect evidence requested by Brazil in its attached treaty request made pursuant to the Treaty Between the Government of the United States of America and the Government of Brazil on Mutual Assistance in Criminal Matters, 1997 WL 33140221 (Treaty), entered into force October 14, 1997 [hereinafter referred to as "the Treaty"].

A treaty constitutes the law of the land. U.S. Const. Art. VI. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. Asakura v. City of Seattle, Washington, 265 U.S. 332, 341 (1924); United States v. Schooner Peggy, 5 U.S. 103 (1801). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. In re Commissioner's Subpoenas, 325 F.3d 1287 (11th Cir. 2003); United States v. Erato, 2 F.3d 11, 15-16 (2d Cir. 1993).

A. <u>The Treaty</u>

The United States and Brazil entered into the Treaty for the purpose of improving the effectiveness of the law enforcement authorities of both states in the investigation and prosecution of crime. Preamble to the Treaty. The Treaty obliges each state to provide assistance to the other in investigations and prosecutions of offenses, and in proceedings related to criminal matters. Article 1. Assistance includes, <u>inter alia</u>, taking testimony or statements of persons, and providing documents and other evidence. Article 1(2).

The Treaty empowers federal district courts to execute treaty requests in order to comply with the United States' treaty obligation. Article 5(1) provides that:

> The courts of the Requested State shall issue subpoenas, search warrants, or other orders necessary to execute the request.

The Treaty contemplates that federal district courts will use compulsory measures to execute such requests. Article 8(1) provides that:

> A person in the Requested State from whom evidence is requested pursuant to this Treaty shall be compelled, if necessary, to appear and testify or produce documents, records, or items.

The Treaty imposes no dual criminality requirement as a precondition for providing assistance. As a result, each state is obligated to provide assistance without regard to whether the conduct under investigation or prosecution would constitute an offence under the laws of the Requested State. <u>See</u> Letter of

Submittal of Treaty to the President from the Department of State.

B. Use of the Treaty to Execute Requests for Assistance

The Treaty is self-executing and requires no implementing legislation. See Letter of Submittal of Treaty to the President from the Department of State. Even so, it contains little in the way of a procedural framework for executing requests. Consequently, federal district courts routinely utilize the "commission" procedure authorized by 28 U.S.C. § 1782, the statute governing the provision of assistance for foreign judicial proceedings generally, to fulfill their judicial responsibility under the Treaty of executing such requests. Commissioner's Subpoenas, 325 F.3d at 1297, 1305.

1. Appointment of a commissioner

Section 1782 provides in pertinent part:

> The district court . . . may direct that the testimony or statement [of a person who resides or is found within the district] be given or the document or other thing be produced, before a person appointed by the court.

A federal district court customarily appoints or "commissions" a person ("commissioner") to collect evidence on behalf of the court and authorizes the commissioner to submit the evidence collected to the requesting foreign court or authority. With requests from foreign authorities for assistance in criminal matters, a court typically appoints an Assistant U.S. Attorney as commissioner. [However, a court also may commission a foreign authority together with (or in lieu of) an Assistant U.S.

Attorney. See, e.g., In re Letter of Request from the Supreme Court of Hong Kong, 138 F.R.D. 27, 29 (S.D.N.Y. 1991).

The application to a federal district court for appointment of a commissioner to execute a foreign request for judicial assistance is generally made ex parte. In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 688 (D.C. Cir. 1989); In re Letters Rogatory from the Tokyo District, Tokyo, Japan, 539 F.2d 1216, 1219 (9th Cir. 1976).

2. Establishment of an evidence-collecting procedure

Section 1782 further provides in pertinent part that:

> To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

A federal district court empowers a commissioner to collect the evidence using the procedure prescribed by the court. A court has "complete discretion in prescribing the procedure to be followed." Sen. Rep. No. 1580, 88th Cong., 2d Sess. 1 (1964), reprinted in 1964 U.S. Code Cong. & Admin. News 3782, 3789. When a court's order fails to specify a procedure by which a commissioner is to collect the evidence, the Federal Rules of Civil Procedure apply. In re Letters Rogatory from the Tokyo District Prosecutor's Office, Tokyo, Japan, 16 F.3d 1016, 1019 (9th Cir. 1994); Hong Kong, 138 F.R.D. at 31. However, as Section 1782 makes clear, when a court does specify a procedure other than one in accordance with the Federal Rules of Civil Procedure, the alternative procedure shall apply. 28 U.S.C. §

1782(a); Euromepa S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1098 (2d Cir. 1995).

In executing Brazilian requests, the Treaty obligates the courts to follow the dictates of United States law and the directions stated in the request, to the extent that they are not prohibited by United States law. Art. 5(3). In other words, the Treaty requires that courts order the use of procedures comparable to those applicable in domestic investigations and prosecutions of criminal matters rather than, by default, the Federal Rules of Civil Procedure. See Commissioner's Subpoenas, 329 F.3d at 1297, 1305.

a. Commissioner's subpoena

Article 5(1) provides for the issuance of procedural documents, such as subpoenas, to effectuate the gathering of evidence:

> The courts of the Requested State shall subpoenas, search warrants, or other orders necessary to execute the request.

If a federal district court so orders, a commissioner may use the attached form, entitled "commissioner's subpoena," to obtain the requested evidence. See, e.g., Erato, 2 F.3d at 13-14 (incorporating in pertinent part the district court's order directing the use of commissioner's subpoenas). The commissioner's subpoena is a creation of neither the Federal Rules of Criminal Procedure nor the Federal Rules of Civil Procedure, but is an order of the court for the production of evidence in accordance with both the Treaty and Section 1782.

See Article 5(1); 28 U.S.C. § 1651 (all writs); White v. National Football League, et. al, 41 F.3d 402, 409 (8th Cir. 1994), cert. denied, 515 U.S. 1137 (1995) (a court may issue whatever process it deems necessary to facilitate disposition of the matter before it). Upon authorization by a court, a commissioner may issue such commissioner's subpoenas as are necessary to execute the request.

b. Notice of evidence taking

Article 8(1) authorizes use of compulsory process in the execution of treaty requests comparable or similar to that used in domestic criminal investigations or prosecutions:

> A person in the Requested State from whom testimony or evidence is requested pursuant to this Treaty shall be compelled, if necessary, to appear and testify or produce documents, records, or items.

Inasmuch as grand jury and criminal trial subpoenas are issued without notice to other than the recipients (i.e., no notice to targets, defendants, or third parties), commissioner subpoenas issued in execution of treaty requests likewise should require no notice to other than the recipients. Accordingly, a federal district court should authorize a commissioner to collect the evidence requested without notice to any party other than the recipient of the commissioner's subpoena except to the extent that a request asks for specific notice procedures.[1]

---

[1] Generally, U.S. authorities execute requests for judicial assistance in criminal matters without notification to actual or potential targets of investigations, or even to parties in proceedings. U.S. authorities rely on the requesting courts and authorities to provide such notice directly to the relevant parties as foreign law requires or to request that U.S. executing authorities follow stated notice procedures when necessary or useful under foreign law or practice. Foreign requests have asked (1) that a person to be

C. The Present Request

Pursuant to Article 2 of the Treaty, the Ministry of Justice of Brazil has made the instant treaty request in connection with a criminal investigation by Brazilian law enforcement authorities. Brazilian law enforcement authorities are investigating whether Roberto Egreja ("Egreja"), a citizen of Brazil, committed financial crimes including money laundering.

As set forth in greater detail in the attached request, Rubens Tadeu Wendler Riglione ("Riglione") has been criminally charged in Brazil with committing financial crimes, including money laundering. Riglione has been cooperating with Brazilian authorities in an effort to identify various illegal operations he conducted. Riglione has revealed that he engaged in illegal activity with Egreja. In order to verify the information, Brazilian authorities need to verify that illegal funds were sent from an account used by Riglione at Merchant Bank of New York (now Valley National Bank) to two accounts controlled by Egreja, including account no. 55030865 held in the name of Malawi Company Ltd. at First Boston Bank. Brazilian authorities have a reasonable basis to believe that Egreja controlled this First Boston account and that he may have used it to perform financial transactions abroad. They have reason to believe that funds sent through the account controlled by Riglione at Merchants Bank may have been either sent through or deposited into the Malawi

---

interviewed (generally a defendant or suspect) be given notice of applicable testimonial privileges (e.g., against self-incrimination) at the time of the interview and (2) that a defendant and defense counsel be permitted to be present during the taking of testimony of a witness and be given sufficient notice to make arrangements.

Company Ltd. account at First Boston Bank, or that the account may have been used to drain foreign currency from Brazil and/or engage in tax evasion and money laundering.

In furtherance of its investigation, Brazilian authorities seek bank records from the United States.

Accordingly, to execute this request, the government moves this court to issue the attached order appointing the undersigned Assistant U.S. Attorney as commissioner, authorizing him to take the actions necessary, including the issuance of commissioner's subpoenas, to obtain the evidence requested, and to adopt such procedures in receipt of the evidence as are consistent with the intended use thereof.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

By: ______________________
Andrew J. Reich
Assistant United States Attorney